IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                  :       CASE NO. 04-10938

EL COMANDANTE MANAGEMENT    :       CHAPTER 11
CO., LLC., et al.,

      Debtors               :

_____ :

EL COMANDANTE MANAGEMENT    :       ADVERSARY NO. 05-0134
CO., LLC, et al.,

      Plaintiffs             :

v.                      :

LANDA UMPIERRE, P.S.C.,       :

      Defendant           :

_____ :

## OPINION AND ORDER

Before the court is defendant's motion to dismiss the complaint. For the reasons set forth herein, the motion to dismiss is denied. The court finds that the debtors can request, and the bankruptcy court can order, the turnover of the accounting documents requested pursuant to 11 U.S.C. § 542(e). Accordingly, even though said request is now moot, debtors may seek monetary damages for defendant's failure to turn over the documents. As to defendant's request for trial by jury on the issue of damages, the court finds that Landa Umpierre is not entitled to request a jury trial because it has submitted to the jurisdiction of the bankruptcy court through the filing of a proof of claim in the underlying bankruptcy case.

## Background

Debtors filed the complaint commencing this adversary proceeding on June 10,

2005.  Debtors request that this court order the accounting firm of Landa, Umpierre, P.S.C. to turn over the working papers prepared while working on the debtors' 2003 consolidated audited financial statements and to pay any amounts incurred by debtors to have external auditors prepare said documents.

According to debtors, they contracted Landa Umpierre prior to their bankruptcy filing to prepare their 2003 consolidated audited financial statements and, although work was begun, it was not completed due to the filing of the bankruptcy petition on October 15, 2004.  Landa Umpierre is a creditor of the debtors.[1]  Debtors contracted another accounting firm, Horwath, Velez & Co. PSC, to finish the 2003 financial statements and prepare the 2004 audited financial statements.  Debtors asked Landa Umpierre to turn over their working papers, but the accounting firm declined to do so.  Debtors argue that the working papers are property of the estate and must be turned over pursuant to 11 U.S.C. § 542(e).  Debtors further request monetary damages for the failure to turn over the working papers.

Landa Umpierre replied with a motion to dismiss the first claim for relief, arguing that under Puerto Rico law, 20 L.P.R.A. § 789, the working papers are property of the accounting firm, not of debtors, because they had no express agreement to the contrary.  They argue that ordering the turnover of the working papers amounts to a taking without compensation in violation of the Fifth Amendment of the U.S. Constitution, and, further, violates the adequate protection provision of 11 U.S.C. § 363(e).  As to the request for

---

[1]Landa Umpierre filed proof of claim #74 in the amount of $21,050.00 on March 23, 2005.

2

monetary damages, Landa Umpierre demands a trial by jury pursuant to the Seventh Amendment to the U.S. Constitution, Fed. R. Bankr. P. 9015, and 28 U.S.C. § 157(e), and therefore requests that the claim be dismissed and/or an order for withdrawal of reference to the district court be entered pursuant to Fed. R. Bankr. P. 5011(a) and L.B.R. 9038(a). Landa Umpierre filed a supplement to it's motion to dismiss on July 15, 2005, citing to Calder v. Bull, 3 U.S. 386, 388, 1 L.Ed. 648, 649 (1798).

On July 22, 2005, the court entered an order to the debtors/plaintiffs to show cause within thirty days why the motion to dismiss the first cause of action should not be granted. Said order denied Landa Umpierre's motion for withdrawal of reference without prejudice to their filing of a memorandum of law in support of its right to a trial by jury on the second cause of action.

Debtors filed an opposition to the motion to dismiss on August 17, 2005. They cite to the legislative history of 11 U.S.C. § 542(e), arguing that the provision was intended to prevent professionals from wielding their leverage acquired under state lien laws to receive payment of professional fees over other creditors while withholding information necessary to the administration of the estate. According to debtors, bankruptcy laws preempt state laws which allow professionals to retain documents necessary to the reorganization process to secure the payment of professional fees.

Landa Umpierre filed a reply to debtors' opposition on August 18, 2005, reiterating their legal arguments. Debtors filed a reply thereto on August 25, 2005, to which Landa Umpierre filed a rejoinder on August 26, 2005.

A hearing was held on December 12, 2005, at which time the parties informed the

court that the request for surrender of the documents was now moot because the new accounting firm retained by the debtor had completed its work, and the only matter remaining is the debtor's claim for damages for not timely surrendering the documents. Landa Umpierre continues to claim a right to a jury trial on the damage claim, and does not consent to the bankruptcy court conducting the trial. The court deemed the matter submitted.

## Discussion

*Turnover of accountant's working papers under 11 U.S.C. § 542(e).*

Section 542(e) of the Bankruptcy Code provides that "[s]ubject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." 11 U.S.C. § 542(e). This section "was intended to prevent attorneys, accountants and others similarly protected by state law, from asserting a lien on the debtor's property to obtain repayment of their fees 'in full ahead of other creditors.'" 5 Lawrence P. King, et al., Collier on Bankruptcy ¶ 542.06 (15th ed rev'd 2006) (citation omitted). It applies whether or not the documents are property of the estate. Id.; see also, In re American Metrocomm Corp., 274 B.R. 641, 652 (Bankr. D. Del. 2002) ("[W]hether the Attorney Files constitute property of the estate is irrelevant to the Court's determination of whether turnover is proper under § 542(e).). If attorneys or accountants refuse to turn over records requested by the debtor, a complaint seeking their turnover may be filed pursuant to Fed. R. Bankr. P. 7001(1).

4

Pursuant to the laws of the Commonwealth of Puerto Rico, an accountant's working papers are property of the accountant. 20 L.P.R.A. § 789 (1945). However, this does not mean that the bankruptcy court cannot order the working papers to be turned over to the debtors pursuant to 11 U.S.C. § 542(e). As indicated above, it is irrelevant whether or not the papers requested to be turned over under § 542(e) are property of the estate.

Defendant argues that the debtors' request amounts to a taking without compensation in violation of the Fifth Amendment of the United States Constitution. Said amendment provides "[n]o person shall ... be deprived of ... property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. Amend. V. However, the Fifth Amendment prohibition is against the taking of private property for public use without compensation; the turnover of accounting papers pursuant to 11 U.S.C. § 542(e) does not run afoul of the Constitution.

> Congress has explicitly authority to allow and regulate bankruptcy. U.S. Const. Art. § 8, cl. 4. Every bankruptcy involves a 'transfer' of private property from a creditor to a debtor, in the sense that a creditor is involuntarily deprived of a previously-vested, legally-enforceable debtor obligation to return borrowed creditor property. However, mere reconciliation of debts among private entities does not normally constitute taking private property *for public use*. A bankruptcy court does not instigate specific transfers of property with the objective of bestowing direct or indirect benefits on the public that are unrelated to bankruptcy policy.

In re Harris, 304 B.R. 751, 769 (Bankr. E.D. Mich. 2004). See also, Matter of Joyner, 7

5

B.R. 596, 598 (Bankr. Ga. 1980):

> [S]ince the Bankruptcy Code does not contemplate the taking of the interest for use by the public, it does not fit within the final section of the Fifth Amendment prohibiting the taking of private property for public use without just compensation. It is the opinion of this Court that for the taking of property to come within that section it must be the direct or indirect result of an actual appropriation of tangible property by the government for public use, in some way depriving the owner of a monetizeable interest in his/her property.

Defendant's Fifth Amendment argument is without merit.[2]

Defendant also argues that an order by this court to turnover the working papers would contravene the adequate protection provisions of 11 U.S.C. § 363(e). One commentator states "adequate protection of the entity's interest cannot be provided under section 542(a) [sic], as long as the documents relate 'to the debtor's property or financial affairs" but "[o]nce the trustee has obtained the recorded information, the court should be able to fashion appropriate safeguards to protect the rights of the attorney, accountant, or other parties in interest." Collier ¶ 542.06[2] at 542-22. It has been held that attorneys are entitled to adequate protection for any loss caused by the turnover of documents under § 542(e), In re Life Imagine Corp., 31 B.R. 101, 102-103 (Bankr. D. Colo. 1983); and that adequate protection can be determined by the court at a hearing subsequent to the

---

[2]Although defendant does not raise procedural or substantive due process claims, the court notes that it is well established that the Bankruptcy Code's provisions for "notice and a hearing" satisfy due process if the notice is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In re Collier, 307 B.R. 20, 25 (Bankr. D. Mass. 2004), citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 94 L.Ed. 865 (1950).

6

turnover, In re Beef n' Burgundy, Inc., 21 B.R. 69 (Bankr. N.D. Ga. 1982). At any rate, defendant's point is moot - they no longer need to be adequately protected, as the documents no longer need to be turned over.

The court concludes that, although the accounting working papers at issue are property of Landa Umpierre pursuant to Puerto Rico law, this court may order their turnover to the debtors pursuant to section 542(e) of the Bankruptcy Code. Although the turnover is now moot in light of the work done by the subsequent accountants, the debtors' request for damages as a result of the failure to turnover the documents, and the defendant's request for a jury trial thereon, remains.

*Right to jury trial on cause of action for damages for failure to turn over records*

The defendant has demanded a trial by jury on the damage claim pursuant to the Seventh Amendment, Bankruptcy Rule 9015 and 28 U.S.C. § 157(e), and argues that it is entitled to a jury trial because debtors' claim for damages is compensatory in nature.

The Seventh Amendment of the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. Amend. VII. Section 157(e) of title 28 provides that if there is a right to a jury trial in a proceeding before a bankruptcy judge, the bankruptcy judge may conduct said jury trial if so designated by the district court and with the express consent of all the parties. However, the defendant has not consented to a jury trial in this court; therefore, if it has a right to a jury trial, this court must recommend withdraw of reference of this proceeding to the district court.

Jury trials are permitted in civil proceedings arising under title 11, or arising in or

7

related to a case under title 11. 3 Lawrence P. King, et al., <u>Collier on Bankruptcy</u> ¶ 3.08[1][a] (15th ed. rev'd 2006). The Seventh Amendment preserves the right to a jury trial in "suits at common law", and whether bankruptcy court trials are "suits at common law" or "suits in equity" is an issue with which the courts have long grappled. <u>Id</u>. "Suits in common law are those in which legal rights are to be determined, as opposed to suits where equitable rights alone are recognized and equitable remedies are administered." <u>In re Hechinger Inv. Co. of Del.</u>, 327 B.R. 537, 543 (D. Del. 2005), citing <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33, 41, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989). In <u>Granfinanciera</u>, the Supreme Court held that the defendant in a fraudulent conveyance action brought by a trustee was entitled to a jury trial, concluding that historically, fraudulent conveyance actions were entertained by courts of law as well as courts of equity.

However, the Court in <u>Granfinanciera</u> noted that the defendant therein had not filed a proof of claim, finding "by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.". Subsequently, in <u>Langenkamp v. Culp</u>, 498 U.S. 42, 111 S. Ct. 330, 112 L. Ed.2d 343 (1990), the Supreme Court held that a creditor who had filed a proof of claim had waived the right to a jury trial with respect to counterclaims based upon the avoiding powers. The Court reasoned that filing a proof of claim invokes the claims allowance process, a core proceeding which is equitable in nature, and has the effect of waiting the right to a jury trial as to any trial on the proof of claim.

8

Landa Umpierre filed a proof of claim, no. 74, in the underlying bankruptcy case on March 23, 2005, in the amount of $21,050.00, for professional services. The documentation attached to the proof of claim indicates that it is for services rendered "in connection with the audit of [debtor corporations] as of and for the period ended December 31, 2003".[3] Thus, the proof of claim is based upon the defendant's work in preparation of the working papers sought by the debtors in this proceeding.

A party may waive their right to a jury trial by filing a proof of claim and voluntarily subjecting itself to the bankruptcy court's equitable power to allow or disallow the claim. In re Seminole Walls & Celings Corp., 336 B.R. 539, 546 (Bankr. M.D. Fla. 2006), citing Granfinanciera and Lagenkamp. "The nature of respective subject matters of adversary litigation and claims do not control the outcome. The filings of any claim against the estate makes any litigation against the claimant 'part of the claims allowance process'." In re HA-LO Industries,Inc., 326 B.R. 116, 125 (Bankr. N.D. Ill. 2005), citing Lagenkamp, 498 U.S. at 44-45. See also, In re Commercial Financial Services, Inc., 252 B.R. 516, 521 (Bankr. N.D. Okla. 2000) ("The United States Supreme Court has held, in a consistent line of cases under the Bankruptcy Act of 1898 and the Bankruptcy Code of 1978, as amended, that the essence of a bankruptcy court's power is that of efficiently and inexpensively adjudicating claims against a bankruptcy estate, and that once a claimant asserts a claim in the bankruptcy court, it has subjected itself to the bankruptcy court's equitable jurisdiction and has waived trial by jury.")

The court concludes that, although debtors' demand for damages is compensatory

_____

[3]Once invoice, in the amount of $1,550.00, relates to matters other than the audit.

9

in nature, the defendant waived its right to demand a jury trial on the matter by filing a claim in debtors' bankruptcy case, thereby submitting itself to the jurisdiction of the bankruptcy court.  Accordingly, defendant's demand for a jury trial on the damages issue is denied.

### Conclusion

Pursuant to the laws of the Commonwealth of Puerto Rico, Landa Umpierre is the owner of the accounting working papers at issue.  20 L.P.R.A. § 789 (1945).  However, under the Bankruptcy Code, the debtor may request, and this court may order, the turnover of said accounting working papers pursuant to 11 U.S.C. § 543(e).

Although the turnover of the working papers is now moot, the debtors' action for damages for the defendant's failure to turnover the documents when requested, in a timely manner, remains.  The defendant's request for a jury trial on the damages issue is denied.  Accordingly, the motion to dismiss filed by defendant Landa Umpierre is denied.

A pre-trial hearing is scheduled for **July 31, 2006 at 10:30 a.m.**

SO ORDERED.

In San Juan, Puerto Rico, this 14th day of March, 2006.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

10